UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22136-CIV-SINGHAL

KEVIN MOLINA PEREZ,

     Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

     Respondents.

_____/

## **ORDER**

Petitioner is a Cuban national who entered the United States in 2022.  (DE [8-2] ¶ 5; [8-1]).  Petitioner was released with Alternative to Detention and ordered to report to the Enforcement and Removal Operations ("ERO") office in Miami to be processed with a Notice to Appear, but no Notice to Appear was ever filed.  (DE [8-1]). At some point, Petitioner filed an application for asylum, which is still pending.  (DE [1] ¶ 44).   On July 17, 2025, ERO officers encountered Petitioner while he was detained for Aggravated Assault with a Firearm at the Turner Guilford Kight Correctional Center.  *Id.*  Petitioner was taken into Immigration and Customs Enforcement Custody.  *Id.*   Department of Homeland Security then issued Petitioner a Notice to Appear and placed him in removal proceedings.  (DE [8-4]).  Petitioner requested a hearing for bond redetermination, but at the hearing the immigration judge took no action.  (DE [8-6]).  Petitioner filed the present Petition for Writ of Habeas Corpus (DE [1]), the government responded, (DE [8]), and the parties requested the Court to resolve the Petition on the papers.  (DE [10]).  The Petition is ripe for the Court's review.  Because Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2) and he has not shown his due process rights have been violated, the Petition

(DE [1]) is denied.

I.      LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.      DISCUSSION

Petitioner claims that he has been unlawfully detained without bond, and that he should be released under 8 U.S.C. § 1226.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225.  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026).  *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).  There is not a time or geographical limit on who can be detained under § 1225(b)(2).  If an alien enters the country and is not admitted, he is an applicant for admission and is seeking admission. *See Morales*, 2026 WL 236307 at *5.

Even though Petitioner could have been detained under 8 U.S.C. § 1226(a), *see Morales*, 2026 WL 236307, at *4, *Hernandez v. Krome*, — F. Supp. 3d —, 2026 WL 851402, at 4 (S.D. Fla. Mar. 25, 2026), the government could also lawfully detain Petitioner under § 1225(b)(2).  For years, DHS decided to process applicants for

2

admission under § 1226, offering them bond.  *See Executive Office for Immigration Review: Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum*, 62 Fed. Reg. 10312, 10333 (Mar. 6, 1997). There the agency stated that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination."  But at the same time, that Federal Register entry indicates DHS recognized that applicants for admission were not *statutorily* entitled to a bond hearing.  *"Despite being applicants for admission"*—DHS acknowledged that applicants for admission were not entitled to a bond hearing under § 1225, but DHS chose to proceed under § 1226 instead of § 1225.  Now, DHS has chosen to detain applicants for admission under § 1225, which the statute specifically authorizes.  This is an enforcement decision, not an interpretation issue.  The American people elect a chief executive to enforce the laws of this country.  If the American people disagree with how those laws are being enforced, they may remove him or her from office at the next presidential election.  It is not the role of the Court to decide whether DHS's enforcement decision is a good one.

Petitioner then argues that his detention violates the Immigration and Nationality Act's regulations, specifically 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.  8 C.F.R. §§ 236.1 and 1236.1 state that an immigration officer *"may, in the officer's discretion,* release an alien" under § 1226.  8 C.F.R. § 236.1(c)(8); 8 C.F.R.  § 1236.1(c)(8)  These regulations do not require immigration officials to release all detainees, including those detained under § 1225.  In fact, the officers' discretion is limited to releasing aliens under § 1226 and § 1252 (not relevant here).  These regulations give the officers discretion to release aliens under specific provisions, not under all the detention provisions of the Immigration

and Nationality Act.   For many years, immigration officials did exercise their discretion to grant bond under § 1226.  But now, at DHS's directive, these same officials are exercising their authority to detain applicants for admission under § 1225.  This change is compatible with these regulations—officials may still release admitted aliens under § 1226.  The only difference is that applicants for admission detained under § 1225 are not being released. This change is a permissible enforcement decision, and it does not contravene these regulations.  As for 8 C.F.R. § 1003.19, that regulation also does not require immigration judges to grant bond to aliens detained under 8 U.S.C. § 1225.[1]  This regulation describes the process for custody redetermination hearings, but it does not mandate them. Petitioner's detention does not violate this regulation either.

Finally, the Court turns to Petitioner's due process arguments.  Due process does not require that Petitioner be granted release or a bond hearing.  *See, e.g.*, *Morales*, 2026 WL 236307, at *9.   "[T]he Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  *Demore v. Kim*, 538 U.S. 510, 526 (2003).  "[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'"  *Id.* at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).   *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("[A]liens are not entitled to a bond hearing while they pursue withholding of removal.").

The government may also detain aliens post-removal order as long as is "reasonably necessary to secure removal."  *Zadvydas,* 533 U.S. at 699.  The Supreme Court has explained that for post-removal detention, after six months of detention and

---

[1] In fact, § 1003.19 actually restricts immigration judge's jurisdiction to grant bond to certain aliens, including arriving aliens in removal proceedings (not applicable here).

"once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.  The Court applies the same analysis here to detention during removal proceedings. *See Dominguez v. Mullin*, — F. Supp. 3d —, 2026 WL 1155301, at 4 (S.D. Fla. Apr. 29, 2026).

Petitioner fails to satisfy this standard.  Since Petitioner has been detained for longer than six months, his detention is no longer presumed reasonable.  But Petitioner still has the initial burden to show good reason why he is not likely to be removed in the near future. *Zadvydas,* 533 U.S. at 701.  While it is true that asylum applicants are not deportable to their home country until their application is adjudicated, this principle alone is not enough to meet Petitioner's burden.  Two facts cut against simply lumping all asylum applicants into a "release for due process concerns" bucket.  First, Petitioner does not allege the date when he filed his application for asylum, so the Court does not know how long his application has been pending and whether it is unlikely to be resolved in the near future.  And second, asylum applicants are deportable to a third country pending resolution of their applications.  Petitioner has not sufficiently shown good reason at this time to satisfy the due process analysis.

III.    CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2) and does not violate due process.  Petitioner is not entitled to release or a bond hearing pending removal.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.

6

The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of May 2026.

_____

RAAG SINGHAL

UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF